JAMES R. ALLEN, COMPLAINANT, APPELLEE, *v.* LITTON HICKMAN, JUDGE, ETC., DEFENDANT, APPELLANT.[*]

(*Knoxville,* September Term,. 1932.)

Opinion filed October 22, 1932.

---

[*]On performance of sheriff's duties by coroner, see 24 R. C. L., 921; R. C. L. Perm. Supp., p. 5505.

Jack Norman and W. C. Cherry, for complainant, appellee.

Horace Osment, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

This is a proceeding under the Declaratory Judgment Act, the cause being heard upon bill and answer.

On July 1, 1932, Sam J. Shryer, the sheriff of Davidson County, died. Complainant for some years has been the coroner of said county as well as a member of the county court. It is conceded that he can fill both offices. Upon the death of Shryer complainant, pursuant to statute, undertook to discharge the duties of sheriff.

Section 682, Code of 1932, provides: "No justice of the peace shall act as constable, sheriff, or deputy sheriff until he resigns his office and delivers over the books and papers of his office according to law."

The record presents two questions for determination: First, during the period the coroner discharges the duties of sheriff by reason of his death, incompetency, or removal, is he acting as sheriff or acting as coroner; second, for discharging those duties to what compensation is he entitled?

Responding to the first question, we are of the opinion that in the circumstances stated the officer is acting as coroner.

Sec. 718, Code of 1932, is as follows: "The coroner shall discharge the duties of the sheriff when that office is vacant, when the sheriff is imprisoned, when he is a party, when he is incompetent to act, or when exception is taken to the sheriff as provided in the next section."

It will be observed that the statute does not provide that in case of vacancy the coroner shall become sheriff. Evidently the legislature only contemplated temporary service. The statute makes no distinction in case of vacancy, or where the sheriff is imprisoned, is a party, or is incompetent, and in the latter circumstance it could not be argued with plausibility that the legislature intended that the coroner should become the sheriff. We think it perfectly plain that in the enumerated instances, as well as in many others set forth in other sections of the Code, it was the purpose of the legislature to define the duties of the coroner and not to change his official character.

Relative to filling the vacancy in the office of sheriff, we quote from the Code of 1932 as follows:

Sec. 1907. ''When an officer is to be elected or appointed by the county court, or a vacancy filled, it is the duty of the court to hold an open election on the first day of the term. admitting all citizens to the privilege of offering as candidates, except such as are prohibited by the constitution or laws of the state.''

Sec. 1909. ''The court may, however, a majority of the justices consenting, adjourn the election to a subsequent day of the term.''

Sec. 1910. ''The presiding officer of the county court shall cause public notice to be given in a newspaper of general circulation in the county at least one week before the meeting of the court, specifying the offices to be filled at that court.''

Sec. 10201. ''Should any office be required to be filled, or a vacancy occur in any office required to be filled, by the county court, it shall be the duty of the clerk, or if there be no clerk, his deputy, and if there be no clerk or deputy, of the acting chairman, to give at least ten

·days' notice to every justice of the peace of his county to assemble at the courthouse of his county in order to fill such office or vacancy, and in filling same, all of the justices of the county shall be entitled to attend and draw compensation, but shall not draw same for more than one day; and three-fifths of all the justices of the county shall be necessary to constitute of quorum."

From the foregoing it will be seen that the legislature contemplated that the coroner would perform the duties of sheriff for only a few weeks at most. In this instance a new sheriff was elected at the regular August election and took office on September 1, 1932. So that if the county court did not fill the vacancy before the August election, a matter as to which the record is silent, complainant performed the duties of sheriff for a period of two months.

By section 690, Code of 1932, the sheriff is required to execute bond in a large sum, which the legislature did not contemplate that the coroner should execute before performing the duties of sheriff for a short period of time. Numerous other reasons could be given in support of the conclusion announced herein, among others the concession that the public officials have uniformly so construed these statutes for many years. We are of the opinion, therefore. that the chancellor was correct in holding that complainant did not become the sheriff but was acting as coroner.

With respect to the question of compensation, we concur with the chancellor in holding that the compensation of complainant is not governed by the Salary Statute, chapter 101, Acts of 1921. That statute makes no reference to coroners as it does to sheriffs.

Section 10711, Code of 1932, provides as follows: "The coroners in this state are allowed to demand and receive the same fees as the sheriffs for similar services."

By section 10725, Code of 1932, the fees of the sheriff are divested out of him and vested in the county and he given a fixed salary. There is no such provision with respect to coroners, and the legislature must have intended that for the short time they served as sheriff, as well as for the many temporary duties performed, they should be compensated with the fees provided by statute and not placed upon salaries.

Affirmed.